“ This appears an important case, rather from the amount of the subject in controversy, than from any difficulty respecting the principles that govern the decision ; which have been well settled by this court in a variety of cases ; and, among others, those of Terrell v. Dick; Turpin, Adm’r of James, v. Thomas’s Representatives; Morris and Overton v. Ross; Syme and others v. Montague, and De Lima v. Glassel's Adm’r. The principle settled, on solemn argument and due consideration of those cases ought not now to be disturbed; which is, that where a cause has been once fully heard and decided in a court of common law, having competent jurisdiction of the case, a court of equity ought not to interfere, unless *254 fraud or surprise be suggested and proved, or some material adventitious circumstance had arisen, which could not have been foreseen, or guarded against.
“ The case before us was most properly cognisable in a court of common law, where it seems to have been thoroughly investigated, and underwent an able and lengthy discussion in all its parts; and a verdict and judgment was rendered in favour of the plaintiff; to which there was no exception taken, nor was there a motion for a new trial. This court, without deciding on its merits, is unanimously of opinion that the court of chancery had no jurisdiction of the case. The decree is therefore reversed, and the bill dismissed with costs.”

) Appleton v. Binks, 5 East, 148.